IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-480-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SAIRAM YERUVA, | ) | |
| | ) | |
| Defendant. | ) | |

On July 22, 2020, Sairam Yeruva ("Yeruva") moved through counsel for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 63] and attached documents in support [D.E. 63-1, 63-2, 63-3, 63-4, 63-5, 63-6]. On July 31, 2020, Yeruva moved pro se for compassionate release under the First Step Act [D.E. 64]. On August 4 and August 14, 2020, the United States responded in opposition [D.E. 66, 67]. On September 22, 2020, Yeruva again moved pro se for compassionate release [D.E. 68]. As explained below, the court denies Yeruva's motions for compassionate release.

I.

On January 7, 2019, pursuant to a written plea agreement, Yeruva pleaded guilty to conspiracy to commit visa fraud in violation of 18 U.S.C. § 371. See [D.E. 12, 13]. On February 19, 2020, the court held Yeruva's sentencing hearing. See [D.E. 57, 59]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); [D.E. 41]; [D.E. 60] 1. The court calculated Yeruva's total offense level to be 21, his criminal history category to be I, and his advisory guideline range on count one to be 37 to 46

months' imprisonment. See [D.E. 60] 1. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Yeruva to 12 months' and one day imprisonment. See [D.E. 59]; [D.E. 60] 1–2. Yeruva did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious

2

deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, —F.3d—, 2020 WL 7050097, at *6–10 (4th Cir. Dec. 2, 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether any "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., id. at *9. In doing so, the court may consult U.S.S.G. § 1B1.13, but independently assesses the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at *6–10; United States v. Jones, No. 20-3071, 2020 WL 6817488, at *1–2 (6th Cir. Nov. 20, 2020); United States v. Gunn, No. 20-1959,

---

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

Case 5:18-cr-00480-D   Document 69   Filed 12/11/20   Page 4 of 6

2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09-CR-336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Yeruva seeks compassionate release pursuant to section 3582(c)(1)(A)(i). See [D.E. 63] 1. In support, Yeruva cites the COVID-19 outbreak at FCI Butner Low as an extraordinary and compelling reason under section 3582. See id. at 5–7; [D.E. 64] 1–3. Yeruva also indicates that he contracted COVID-19 in early July 2020 and does not believe he will recover if he is infected a second time. See [D.E. 68] 1.

As a preliminary matter, the court assumes without deciding that Yeruva has exhausted his administrative remedies in accordance with section 3582. See [D.E. 63] 2. The government concedes that Yeruva has satisfied section 3582's exhaustion requirement. See [D.E. 66]. Accordingly, the court addresses Yeruva's claims on the merits.

The court assumes without deciding that the COVID-19 outbreak at FCI Butner Low and Yeruva's previous COVID-19 infection and recovery constitute extraordinary and compelling reasons under section 3582(c)(1)(A). Even so, the section 3553(a) factors counsel against reducing Yeruva's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Yeruva engaged in serious criminal conduct between April 12, 2010, and December 14, 2014, conspiring with others to submit false immigration forms and documentation to immigration officials in support of at least 183 H-1B program petitions. See PSR ¶¶ 1–19. This conspiracy generated at least $26.2 million in ill-gotten proceeds. See id. ¶¶ 14–19. Nonetheless, Yeruva is not a recidivist and has taken some positive steps while incarcerated. See id. ¶ 24; [D.E. 63] 8. Having considered the entire record, the section 3553(a) factors, Yeruva's arguments, and the need to punish Yeruva for his criminal behavior, to incapacitate Yeruva, to

5

promote respect for the law, to deter others, and to protect society, the court declines to grant Yeruva's motions for compassionate release. See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Yeruva's motions for compassionate release [D.E. 63, 64].

SO ORDERED. This 11 day of December 2020.

JAMES C. DEVER III
United States District Judge